ALBERT J. BOGGS, *et al.,* v. B. J. BUTLER

ALBERT J. BOGGS, *et al.,* v. HENRY C. WHITTLE

176 So. 174.
Division A.
Opinion Filed September 22, 1937.

*James H. Finch* and *H. V. McClellan,* for Plaintiffs in Error;

*Carter & Pierce* and *Gregory & Towles,* for Defendants in Error.

TERRELL, J.—The record in this case discloses that Albert J. Boggs and Robert Peacock, plaintiffs in error, got aboard a Ford V-8 automobile at Blountstown on the morning of January 17, 1935, and journeyed to Marianna, about

twenty-five miles distance. They remained at Marianna for several hours, then drove up near the Alabama line, about twenty miles, and returned to Marianna late in the afternoon of the same day. Both men were drinking and while the automobile belonged to Boggs, it was driven at intervals during the day by Boggs and Peacock. When they left Marianna going toward the Alabama line, Boggs was drunk and when they returned to Marianna, both of them were drunk. Boggs had "passed out" and was on the back seat unconscious.

They left Marianna over Main Street about 7:30 o'clock in the evening, Peacock driving, but before they were out of town, he (Peacock) ran the automobile into an automobile driven by B. J. Butler in which Butler's wife and children and Henry C. Whittle and wife were traveling. As a result of the collision, Mrs. Butler was killed and Whittle was seriously injured. Butler and Whittle brought separate common law actions against Boggs and Peacock which were by consent tried together before the same jury. The trial resulted in a verdict and judgment for $10,000 in favor of Butler and $5,000 in favor of Whittle.

From these judgments separate writs of error were sued out by stipulation of counsel, it was agreed that the two judgments be reviewed on one transcript. It is apparently admitted that as to Peacock, the judgments are sustained by the evidence but as to Boggs, it is contended that they are erroneous and should be reversed.

Boggs contends that the judgments as to him should be reversed because he was drunk and incapable of either expressly or impliedly giving consent to Peacock to drive his automobile at the time of the accident.

His defense savors of that of the young man in an early Florida case who contributed to the death of his parents

but later, in an action affecting the tragedy, pleaded with the Court to be merciful to him because he was an orphan. It also reminds us of the fellow who ran over the stop light but on being pursued and captured by a cop, his wife entreated the latter to pay no attention to him because he was drunk.

It would be a base and unjust distortion of the law to permit a defense of this kind to prevail. Boggs was on notice when he left Blountstown that he was traversing the public highways with a dangerous instrumentality. To hold that this notice ceased when he became drunk and unconscious not alone subjects the traveling public to untold dangers that there is no basis whatever for imposing on it, but it provides a way of escape for the reckless wilful driver at the expense of the public. It makes the public highway a fairway for the inebriate but says to the public, "You go on at your risk."

In fine, Boggs went on the highway voluntarily, carried Peacock along voluntarily, drank with him voluntarily, they got drunk voluntarily, both spent the day drinking and carousing voluntarily, and wound it up by recklessly running into Butler's car, killing his (Butler's) wife, and seriously injuring Whittle. He (Boggs) now contends that his responsibility vanished the moment he became drunk.

We are aware of no support for this doctrine. Based on common knowledge of what takes place under the circumstances shown to have transpired and the evidence and the inferences that may be drawn therefrom, the jury was warranted in finding that Peacock was driving Boggs' car with the latter's implied if not with his express knowledge and consent. It is the policy of the law to withdraw from rather than offer inducement to get drunk.

Such was the issue made by the pleadings. Under the

law of this State, if the owner once gives his express or implied consent to another to operate his automobile, he is liable for the negligent operation of it no matter where the driver goes, stops, or starts. Southern Cotton Seed Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629; Herr v. Butler, 101 Fla. 1125, 132 So. 815; Engleman v. Traeger, 102 Fla. 756, 136 So. 527; Green v. Miller, 102 Fla. 767, 136 So. 532; City Grocery Co. v. Cothron, 117 Fla. 322, 157 So. 891.

The questions raised with reference to charges given and refused have been considered but we find no reversible error.

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.