### JACKSONVILLE PAPER COMPANY, a corporation, v. JESSE A. CARLILE.

15 So. (2nd) 443 June Term, 1943
Nov. 9, 1943 Division A
Rehearing Denied November 22, 1943

*Ragland, Kurz & Layton* and *Sumner & Sumner,* for appellant.

*Mitchell, Smith & Mitchell* and *G. P. Garrett,* for appellee.

PER CURIAM:

In February, 1942, Jacksonville Paper Company loaded one of its trucks at West Palm Beach for the purpose of dispatching it to Okeechobee City in charge of one of its employees. The employee left West Palm Beach with instructions to spend the night at Fort Pierce and proceed from thence to destination the following morning. The next time the loaded truck was heard of, it was parked on the highway some twenty miles or more above Fort Pierce in another direction. It was late in the night and it had no flares or signals to warn the public.

When thus parked, Jesse Carlile, the appellee, while proceeding along the highway on a business mission in another truck, ran into said truck and was seriously injured. He brought this action for personal injuries and recovered a judgment of $30,000 which is here for review.

In the briefs there is much discussion as to whether the pleadings based on the stated facts make this case one to be controlled by the master and servant, the principal and agent, or the entrustment doctrine. If the relation of master and servant was shown and the servant departed from his mas-

ter's business on a mission of his own, then the master cannot be held liable. On the other hand, the owner of an automobile is charged with knowledge that it is a dangerous instrumentality when in operation on the highway whether moving or standing and if he entrusts it to another, he is liable for its negligent handling.

It is axiomatic that whichever of these relations is relied on must be stated and proven. The members of the Court are not in agreement as to which doctrine controls this case. It appears however that the counts of the declaration relying on the master and servant doctrine and the principal and agent doctrine were abandoned and the case went to trial on the theory of entrustment.

We have given careful consideration to the pleadings and the evidence and while as stated the members of the Court are not in agreement as to all points raised, we agree that under the facts revealed, the plaintiff was entitled to recover but we are convinced that the amount of the judgment was too large and out of harmony with those heretofore allowed to stand in similar cases. If appellee will enter a remittitur in the sum of $10,000.00, the judgment will be permitted to stand for $20,000.00 balance. Otherwise the cause will stand reversed for a new trial.

Affirmed on condition of remittitur.

BUFORD, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.