64 So.2d 922 (1953)
CHASE & CO.
v.
BENEFIELD.
Supreme Court of Florida, en Banc.
May 5, 1953.
*923 M.W. Wells of Maguire, Voorhis & Wells, Orlando, for appellant.
J. Thomas Gurney, Orlando, for appellee.
MATHEWS, Justice.
This is an appeal from a final judgment in a personal injury action.
The appellee alleges that at the time and place of the accident a motor vehicle was being operated on the public highway which was owned by the appellant, and the same was so carelessly and negligently driven and operated by "the driver thereof" that as a proximate result, it ran upon and against and collided with an automobile owned, driven and operated by the appellee. The appellant filed an answer denying the negligence and also denied liability for the alleged acts of "Willie Reynolds," and alleged the appellant did not authorize or consent to the use of the automobile by Willie Reynolds. Appellant further alleged that at said time Willie Reynolds was not engaged in the business of the defendant (appellant) and was not acting in the scope of his employment. In another defense appellant denied the acts of Willie Reynolds and alleged that there was no relationship between the defendant (appellant) and Willie Reynolds of master and servant.
The appellant alleges as error the fact that the complaint did not state that Willie Reynolds was driving the automobile and did not in fact identify the driver. The complaint simply alleged that the automobile was owned by the defendant (appellant) and was being driven by the driver thereof.
The appellant did not attack the sufficiency of the complaint on that ground by motion to dismiss, motion to strike or for a disclosure of the name of the driver. Instead of attacking the sufficiency of the complaint, appellant filed defenses and in three separate defenses assumed that Willie Reynolds was the driver of the car and specifically denied that Willie Reynolds had authority or consent from the appellant, and alleged that he did not have such authority or consent; that Willie Reynolds was not engaged upon the business of the defendant (appellant), etc.; denied any relationship between appellant and Willie Reynolds of master and servant.
The case was tried upon the theory that Willie Reynolds was the driver of the truck and all the testimony related to Willie Reynolds as the driver, his relationship with the defendant and his authority to drive.
There was no error as shown by the pleadings in this case because the complaint did not allege that Willie Reynolds was the driver of the automobile.
It is next urged that the appellee failed to prove that the automobile (truck) was owned by the defendant (appellant). This was a material allegation of the complaint and was not specifically denied by the appellant and, therefore, ownership was admitted and was not an issue in the case.
*924 The primary question involved and properly raised by the assignments of error is: Was the automobile (truck) in question intrusted to the care and custody of an employee under the facts and circumstances shown by the record in this case, such that the owner of the truck is liable for the negligent operation of the vehicle by such employee on a public highway?
This is not a case like that of Sykes v. Babijuice Corp., Fla., 63 So.2d 65. In that case Holt was employed as a night watchman and not as a driver of a truck, or automobile. He was employed to protect a citrus plant and the property in or surrounding the same. He was required to stay on the property and prevent the removal or molestation of the property. He did not have a driver's license and had been refused employment as a truck driver; while engaged as such night watchman, without any express or implied permission, he took one of defendant's trucks from the parking area and drove it off on a personal mission and while so doing collided with another vehicle.
In the instant case, as shown by the record, Willie Reynolds was employed by the owner of the truck as a truck driver and had the custody of one of the trucks, which he used for the purpose of transporting a working crew; when not transporting the crew, he would bring the truck back and keep it at his house; he also kept the truck at his house on week-ends; he had the custody of the keys of the truck; he was permitted by the owner to keep the truck parked at his house because it would save three miles walking distance out to the farm.
It may be that he was instructed by the owner not to use the truck except to haul the crew but he was given custody of the truck and he was particularly employed as a truck driver, by the owner.
This case is controlled by the cases of Jacksonville Paper Co. v. Carlile, 153 Fla. 661, 15 So.2d 443, and Boggs v. Butler, 129 Fla. 324, 176 So. 174. In the case of Jacksonville Paper Co. v. Carlile, supra, the Court said:
"On the other hand, the owner of an automobile is charged with knowledge that it is a dangerous instrumentality when in operation on a highway whether moving or standing and if he entrust it to another, he is liable for its negligent handling."
In the case of Boggs v. Butler, supra, the Court said [129 Fla. 324, 176 So. 176]:
"Under the law of this state, if the owner once gives his express or implied consent to another to operate his automobile, he is liable for the negligent operation of it no matter where the driver goes, stops, or starts."
We have considered the other assignments of error with reference to charges to the jury and the sufficiency of the evidence. They are without merit.
Affirmed.
ROBERTS, C.J., and THOMAS, HOBSON, SEBRING and DREW, JJ., concur.
TERRELL, J., agrees to the judgment.