70 So.2d 357 (1953)
McGINLEY
v.
CHANCEY (two cases).
Supreme Court of Florida. Division A.
December 18, 1953.
Rehearing Denied January 8, 1954.
Hoffman, Kemper & Johnson, Miami, for appellants.
Blackwell, Walker & Gray, Miami, for appellee.
PER CURIAM.
In November 1952, Cornelius McGinley and his wife Catherine were guest passengers in an automobile owned and driven by Louise Chancey. As she (Louise Chancey) drove the automobile from a parking lot at the rear of North Shore Bank, 71st Street and Abbott Avenue, Miami Beach, she operated it in such a manner as to cross Abbott Avenue at an increasing speed and crashed into a light pole almost opposite the entrance to the parking lot about 75 or 80 feet from where it started. Mr. and Mrs. McGinley brought separate suits for personal injuries, charging that they were "severely shaken up and injured in the crash" account of the "gross negligence and wilful and wanton misconduct" of Mrs. Chancey.
The defendant filed answers, denying the charge of gross negligence and wilful and wanton misconduct. She also interposed the defense of contributory negligence and assumption of risk on the part of the McGinleys. The two cases were consolidated and tried together and at the conclusion of plaintiff's evidence the trial court granted a directed verdict for defendant on the sole ground that plaintiffs failed to prove gross negligence. Verdicts were entered accordingly, followed by final judgments from which appeals have been taken. We dispose of both cases with one opinion.
The only point for determination is whether or not the trial court committed error in directing a verdict and final judgment for the defendant.
We have examined the evidence, and while it shows that the automobile was driven across the street as alleged and crashed into the telephone pole, it is not shown how the accident took place or what caused it. Attorneys for the plaintiffs suggest that defendant may have suddenly blacked out, become paralyzed or her car may have responded abnormally to pressure on the brake, or she may have been trying to avoid striking a child. This court is committed to the doctrine that elements showing gross negligence must be proven if one would prevail in a case of this kind. Presumptions, guesses or assumptions as to how it took place will not suffice. Neither will the doctrine of res ipsa loquitur aid the plaintiff. If defendant had blacked out, become paralyzed or was trying to avoid hitting a child, this might have relieved her of gross negligence.
Many Florida cases are relied on by the plaintiffs but their main reliance is Lambert v. Higgins, Fla., 63 So.2d 631. We have examined this case and while we *358 find parallels in it to the case at bar, it is fraught with other elements entirely different. For example, the driver was "clipping along at a pretty good rate", the driver was drinking, the accident occurred at night, while rounding a curve on an old, wet, narrow, bumpy road. These facts were ample as a predicate for gross negligence and were absent in this case. This court is committed to the doctrine that when gross negligence under the guest statute is relied on to support a judgment for personal injuries, some element or elements of gross negligence must be proven. It will not be presumed or predicated on something that amounts to guess or speculation. In so holding we do not overlook the contention of appellants that appellee did not apply the brakes or direct the automobile so as to miss the pole.
A careful appraisal of the record drives us to the conclusion that the judgment appealed from must be and is hereby affirmed.
Affirmed.
TERRELL, Acting Chief Justice, and SEBRING, MATHEWS and DREW, JJ., concur.