CHARLES CARROLL, Chief Judge.
This is an appeal by the defendant below from an adverse judgment based on a jury verdict in an action for damages for personal injuries.
The appellee William Harrington, a minor, was injured when struck in the head by a ladder rack which protruded outward on the right hand side of a pick-up truck. The truck was owned by the appellant and was being driven by his employee.
On each side of the truck at the rear, there had been attached a metal socket four or five inches in length or depth, designed to hold the ends of a removable pipe which extended upward, above and across the rear of the truck, and which served as a ladder rack or support. On this occasion the rack became dislodged from the socket on the left side, and with the socket on the right side acting as an axis, it swung outward on the right of the truck. It was while the ladder rack was in that position that the minor plaintiff was struck while walking a few feet off the street in the same direction in which the truck was proceeding.
We have considered the several grounds and contentions on which the appellant seeks reversal, and find them to be without merit. The trial court’s dismissal of the appellant-defendant’s motion for directed verdict was not error, as the record was not without evidence upon which the jury could lawfully find the defendant guilty of negligence. See § 54.17, Fla.Stat., F.S.A.; Chambers v. Loftin, Fla.1953, 67 So.2d 220, 221; Cadore v. Karp, Fla.1957, 91 So.2d 806; Paikin v. Beach Cabs, Inc., Fla.App.1966, 180 So.2d 93, 94. There was evidence that a section of pipe approximately 2J4 inches in length had been inserted in the socket on the left side, reducing its depth, and that there were no locks or devices to secure the rack in the sockets.
The appellant-owner testified that he inspected the truck one month prior to the accident and that such inspection failed to disclose the existence of any pipe in the socket. However, it appeared that the defendant owned and operated several trucks similarly equipped, and on cross-examination appellant stated he was not sure that the truck he inspected was the one which was involved in this case. Consequently, the jury was entitled to find that the ladder rack was improperly secured, making the truck in such unsafe condition as to endanger others; that the appellant knew of its condition or by exercise of reasonable care could have and should have known thereof; and that the plaintiff’s injury was proximately caused thereby.
In 8 Am.Jur.2d, Automobiles and Highway Traffic, § 699, it is stated that an owner or operator “is required to exercise reasonable care to see that the vehicle is in (reasonably safe and proper) condition, and is generally held liable for injuries which are shown to have resulted from the operation of the vehicle which he knew, or in the exercise of reasonable care ought to have known, was in such an unsafe condition as to endanger others. The owner or operator of a motor vehicle must exercise reasonable care in the inspection of the vehicle to discover any defects that may prevent its proper operation, and is charge *507 able with knowledge of any defects which such inspection would disclose.”
The doctrine of res ipsa loquitur was applicable on the facts presented (Yarbrough v. Ball U-Drive System, Inc., Fla.1950, 48 So.2d 82), and the presentation by plaintiff of specific evidence of negligence did not preclude its use. McKinney Supply Company v. Orovitz, Fla.1957, 96 So.2d 209, 211; South Florida Hospital Corporation v. McCrea, Fla.App.1959, 112 So.2d 393. The rejection by the trial judge of the issue of consent, and his refusal to charge thereon were proper where it was shown the driver had been given custody of the truck and was authorized by the defendant to use it, although the defendant contended that his use of it at the time of the accident was not authorized. See Jacksonville Paper Co. v. Carlile, 153 Fla. 661, 15 So.2d 443; Case & Company v. Benefield, Fla.1953, 64 So.2d 922.
Having determined that no reversible error has been demonstrated, we hereby affirm the judgment.
Affirmed.