PEARSON, Judge.
George Francis Whalen was injured in an automobile collision. He brought suit against James Gordon Cowden, the deceased driver of the automobile which collided with his, and against Fincher Motors, Inc., and Mr. and Mrs. Hill. Whalen alleged that the Hills and Fincher owned the automobile Cowden was driving. The trial judge entered summary final judgment for Mr. and Mrs. Hill and for Fincher. This appeal is from those final judgments.
The Hills owned a 1958 Oldsmobile, title to which was in “HILL VERNON F OR OPAL M”. They informed Fincher they were interested in the purchase of a newer model. On March 15, 1967, Cowden, a salesman for Fincher, called the Hills and told them he thought he had a car for them. That evening the Hills went to Fincher and agreed to purchase a 1965 Oldsmobile. They paid Fincher $44 and received an allowance of $395 on their 1958 automobile. The balance due was to be financed. The Hills signed a retail buyer’s order, a retain title contract, and several blank applications for financing. Finality of the agreement was contingent upon approval of a loan. On March 16, 1967, Cowden called the Hills and informed them that their loan had been approved and that he would bring the 1965 automobile to their home to exchange it for the 1958 automobile. The Hills *729 notified their insurance agent of their purchase and requested a change of coverage. Thereafter Cowden delivered the 1965 automobile to the Hills, and Mr. Hill signed in blank the title to their 1958 automobile. Cowden accepted the title, the registration certificate, and the automobile. At 4:30 A.M. on March 17, 1967, Cowden, while driving the 1958 Oldsmobile, was involved in a collision with an automobile driven by the plaintiff appellant. The collision oc-cured north of Cowden’s home. Cowden was not on the way to or from his place of employment.
From the record it appears without genuine issue that the court was correct in entering summary judgment for the Hills. By signing the title in blank and delivering both title and automobile to Fincher’s agent, Cowden, pursuant to the agreement we described above, the Hills transferred both legal and beneficial title to Fincher and so could not be liable to the appellant. See § 319.22(2) (a), Fla.Stat.[1] Cf. Platt v. Dreka, Fla.1955, 79 So.2d 670; Palmer v. R. S. Evans, Jacksonville, Inc., Fla.1955, 81 So.2d 635; Williams v. Davidson, Fla.App.1965, 179 So.2d 387.
We therefore affirm the summary final judgment for defendant-appellees Vernon F. Hill and Opal M. Hill.
But we reverse the summary judgment for defendant-appellee Fincher Motors, Inc. When the collision occurred the 1958 automobile was Fincher’s property. It is admitted that Fincher employees had authority to use trade-in automobiles under some conditions:
“All used car salesmen were instructed that they could use a FINCHER-OWN-ED used car or could use a trade-in car for transportation to and from the FIN-CHER used car lot and their homes, on an individual basis, but under no circumstances were any FINCHER-OWNED used cars or any trade-in cars to be used for the private business, entertainment, or other private functions of the used car salesman. MR. COWDEN was given these same instructions, and was fully aware of them prior to the involved transaction and accident.” (From the affidavit of Fincher’s sales manager.)
Fincher argues that since the accident occurred at 4:30 A.M. at a point not on any direct route from Cowden’s home to his place of employment, Cowden had wrongfully assumed control of the car for his own personal use and was driving the car without permission, thereby relieving Fin-cher from responsibility for any harm Cow-den caused by his driving.
In American Fire & Casualty Company v. Blanton, Fla.App.1966, 182 So.2d 36, the District Court of Appeal for the First District made the following summary of law:
* * * * * *
“Lynch v. Walker, 159 Fla. 188, 31 So.2d 268, 271 (1947), states the basic principle of liability under the ‘dangerous instrumentality doctrine’ as applied to automobiles thus: ‘When an owner authorizes and permits his automobile to be used by another he is liable in damages for injuries to third parties caused by the negligent operation so authorized by the owner.’ Where ‘original entrustment’ is shown to exist, liability thus imposed on the owner will not be altered because of a departure beyond the scope of authority. See Boggs v. Butler, 129 Fla. *730 324, 176 So. 174. 176 (1937), where it is said:
‘Under the law of this state, if the owner once gives his express or implied consent to another to operate his automobile, he is liable for the negligent operation of it no matter where the driver goes, stops, or starts.’
That rule is now so well established as to require no further elaboration.”
Because of the rules stated in the foregoing quotation and because of our decision in Ivey v. National Fisheries, Inc., Fla.App.1968, 215 So.2d 74, we hold that the court below erred in entering summary final judgment for defendant-appellee Fincher Motors, Inc., and reversed that judgment.
In this decision we have resolved the question of ownership of the 1958 automobile and the question whether Fincher could be held liable for any harm caused by James Gordon Cowden while he was operating that automobile. We remand the cause to the circuit court for further proceedings to resolve the other issues raised by the complaint of George Francis Whalen and the answer of Fincher Motors, Inc.
Affirmed in part, reversed in part, and remanded.

. $ ‡ * * *
“(2) An owner who has made a bona fide sale or transfer of a motor vehicle and has delivered possession thereof to a purchaser shall not by reason of any of the provisions of this law, be deemed the owner of such vehicle so as to be subject to civil liability for the operation of such vehicle thereafter by another when such owner has fulfilled either of the following requirements:
(a) When such owner has made proper endorsement and delivery of the certificate of title as provided by this law.”