WIGGINTON, Chief Judge.
Defendants appeal a judgment based upon a jury verdict awarding damages to plaintiff for personal injuries sustained in a vehicular collision between an automobile operated by plaintiff and a truck operated by defendant.
By her complaint plaintiff alleged that the collision out of which her damages arose was proximately caused by the negligent operation of his truck by defendant. Defendants answered denying negligence and alleging that either the sole proximate or proximate contributing cause of the dam *410 ages sustained by plaintiff was her own negligence in the operation of her vehicle. The single point on appeal challenges the correctness of the court’s ruling denying defendants’ motion for a directed verdict made at the conclusion of the evidence. It is appellants’ contention that the point presented for decision is established by the undisputed evidence which shows that plaintiff driver was guilty of negligence as a matter of law for having violated a traffic regulation.
Plaintiff was traveling westerly on a state highway in Okaloosa County. As she approached a curve to the left, she activated her electric signal indicating a left turn off the highway into an intersecting dirt road leading southward. Upon activating her turn signal at a point between 100 and ISO yards east of the intersecting dirt road, plaintiff looked into her rearview mirror and observed defendant’s following truck traveling in the traffic lane behind her. Plaintiff commenced decreasing the speed of her vehicle preparatory to making her left turn when she observed two children walking along the side of the dirt road near its intersection with the highway. Plaintiff became concerned with the presence of the children near the edge of the road and therefore made a wide turn into the dirt road so as to remain as far away as possible from where the children were walking. Just as plaintiff started into her turn, defendant moved his truck to the left preparatory to passing plaintiff’s vehicle, as a result of which his truck collided with plaintiff’s vehicle as she went into her turn off the highway into the dirt road.
The traffic regulations upon which appellants rely to establish negligence as a matter of law on the part of plaintiff are as follows:
“(1) No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety, and then only after giving an appropriate signal in the manner hereinafter provided, in the event any other vehicle may be affected by such movement.” [1]
“(2) No vehicle shall be driven from a direct course in any lane on any highway until the driver shall have determined that the vehicle is not being approached or passed by any other vehicle in the lane or on the side to which the driver desires to move, that the move can be completely made with safety and without interfering with the safe operation of any vehicle approaching from the same direction.” [2]
We have carefully reviewed the evidence adduced at the trial and conclude that whether plaintiff acted prudently in determining that defendant was neither approaching nor attempting to pass her, and that she could turn left off the highway into the intersecting dirt road with reasonable safety and without interfering with the safe operation of defendant’s following truck proceeding in the same direction, was essentially a jury question which was submitted to it for decision.
Appellants rely for reversal on this court’s opinion rendered in the case of Parker v. Hofheinz.[3] Although the basic facts in Parker are strikingly similar in many respects to the facts in the case sub judice, there were present in Parker additional facts which we think are sufficient to distinguish it and render the conclusion reached inapplicable to the case now reviewed. In Parker the defendant operator of the leading vehicle moved her vehicle to the right-hand side of a city street at a point directly in the middle of a block, and then suddenly turned sharply to her left across the street for the purpose of *411 entering a driveway leading to the public school. The defendant knew the plaintiff was following a close distance behind her and traveling in the same direction. Although defendant testified that her left turn signal was operating, plaintiff in the following vehicle saw no such signal and, believing that defendant was intending to stop, moved her vehicle to the left in order to pass defendant just as defendant turned across the street directly in front of plaintiff’s oncoming vehicle, resulting in the collision out of which plaintiff sustained damages. Defendant admitted knowing that there was a blind spot in the area to her rear which obscured any vehicle which might be in the process of overtaking and passing her. The action of the defendant in Parker in moving her vehicle to the right side of the street before making her left turn, her act in turning left in the center of the block, and in making her turn under circumstances where the blind spot to her rear prevented observation of any approaching vehicle attempting to pass her, distinguish the facts in Parker from those in the case sub judice.
In our consideration of the contentions in Parker, this court concluded that the totality of the evidence was such that reasonable men could not differ in concluding that the defendant driver was negligent in the operation of her vehicle, and that such negligence was the proximate cause of the collision. A consideration of the totality of the evidence in the case sub judice leads us to no such conclusion as that reached in Parker. For these reasons it is our view that the evidence, and inferences reasonably deducible therefrom, presented questions as to plaintiff’s negligence which were properly resolvable only by the jury, and that the trial court did not err in denying appellants’ motion for a directed verdict. The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., J., and MANN, Associate Judge, concur.

. Section 317.371(1), Florida Statutes, F.S.A.

. Section 317.291(2), Florida Statutes, F.S.A.

. Parker v. Hofheinz (Fla.App.1966), 181 So.2d 367.