228 So.2d 131 (1969)
Jess ABRAMS, Appellant,
v.
NOLAN BROWN CADILLAC COMPANY, a Florida Corporation, and Willie Jefferson, Appellees.
No. 69-296.
District Court of Appeal of Florida. Third District.
November 18, 1969.
Rehearing Denied December 8, 1969.
Richard I. Manas, Miami Beach, for appellant.
Carey, Dwyer, Austin, Cole & Selwood and Edward A. Perse, Miami, for appellees.
Before BARKDULL, HENDRY and SWANN, JJ.
HENDRY, Judge.
The appellant was plaintiff below, having filed his complaint for damages due to the alleged negligence of the corporate appellee, Nolan Brown Cadillac Company, through the actions of its employee, appellee Jefferson. After the case came on for jury trial, the appellees moved for a directed *132 verdict at the close of all the evidence, which motion was granted. This appeal ensued.
Abrams had delivered his automobile to Nolan Brown Cadillac Company for repairs on August 22, 1967; after delivering his own car, he requested that the company provide transportation for him back to his own home. He was thereafter told that employee Jefferson was to deliver another automobile back to another customer, and would take Abrams to his home en route. It was necessary for Jefferson to attach a three wheel motorcycle to the rear of the car so that he himself would have a means of returning to the company's place of business. The two of them arrived in front of the appellant's home, Jefferson stopping the car across the street from the Abrams house. Abrams thereupon got out of the car. According to his testimony, he stood about two or three feet from the car so that both the car and the attached motorcycle could pass him and he could thereafter cross the street to his home. He testified that he saw the motorcycle coming at him but was unable to avoid being struck by it. It should be noted that the plaintiff's own testimony was the sole evidence offered at trial as to liability.
Abrams further admitted having seen the motorcycle situated in the center of the car towing it, and could not recollect seeing the motorcycle in any other position. The motorcycle was still attached to the Cadillac after the accident.
Abrams also testified that appellee Jefferson did not drive away at a high speed, did not swerve, did not spin the wheels, did not execute a sharp turn, and was at all times driving normally.
Firemen from the rescue squad came to attend Abrams immediately after the accident. They testified that Abrams told them that he forgot the motorcycle was behind the car and walked into it.
The appellant now argues that the trial court improperly directed a verdict in favor of the defendants below. We have closely scrutinized the record and fully agree with the decision of the trial court. Taking into consideration all testimony adduced by both sides, the trial court concluded that the case was devoid of evidence which would tend to establish any fact other than that an accident occurred. Without the aid of the doctrine of res ipsa loquitur, unavailable in cases of automobile negligence, McGinley v. Chancey, Fla. 1953, 70 So.2d 357, the mere proving that an accident occurred will not establish a prima facie case of negligence. Belden v. Lynch, Fla.App. 1961, 126 So.2d 578.
We hereby hold that the trial court correctly determined that all testimony and evidence adduced by the close of the evidence failed to make a prima facie case of negligence, and could not have formed a valid predicate for a jury verdict.
Affirmed.