311 So.2d 688 (1975)
Keith K. BURGIN, d/b/a Seaside Plumbing Company, and Gary Lee McCollister, Appellants,
v.
Shelton MERRITT, III, et al., Appellees.
Shelton MERRITT, III, Appellant,
v.
Keith K. BURGIN, d/b/a Seaside Plumbing Company, et al., Appellees.
Nos. 74-599, 74-611.
District Court of Appeal of Florida, Third District.
April 1, 1975.
Rehearing Denied May 14, 1975.
*689 Stephens, Magill, Thornton & Sevier, Miami, for Burgin.
Kuvin, Klingensmith & Coon and R. Fred Lewis, Coconut Grove, for Communications and Kinne.
Adams, George, Wood, Lee, Schulte & Thompson, Miami, for Merritt.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
*690 PEARSON, Judge.
These appeals are from judgments entered after the trial of an automobile negligence case. The first appeal is by Keith K. Burgin, doing business as Seaside Plumbing Co., and Gary Lee McCollister, who were defendants in the trial court. They appeal a final judgment entered for Shelton Merritt, III, who was the plaintiff. The second apppeal is by the plaintiff Merritt. He appeals a judgment for defendants, Communications Maintenance, Inc., and Samuel Leon Kinne. Communications and Kinne suffered a verdict against them at the hands of the jury but won a judgment notwithstanding the verdict at the hands of the trial judge. The plaintiff Merritt appeals that judgment.
We consider first the appeal by the defendants Burgin and McCollister. The litigation arose out of a motor vehicle accident involving several vehicles which occurred on the open highway south of Florida City. Defendant McCollister was driving a half-ton pickup truck owned by defendant Burgin. He was traveling south on a two lane highway. The plaintiff Merritt was also traveling south and was immediately behind the McCollister-Burgin truck. The defendant Kinne was driving a van truck owned by defendant Communications Maintenance. He was traveling north and was closing upon the vehicles driven by McCollister and Merritt. The left rear wheel of the McCollister-Burgin truck came off the truck. The separated wheel rolled into the northbound lane, struck and went over the Kinne-Communications van. Kinne was unable to control his van and collided with the car driven by Merritt. Merritt was seriously injured. He instituted the action against defendants McCollister, Burgin, Kinne and Communications.
At the conclusion of the jury trial, special interrogatories and verdict forms were given to the jury. In response to the special interrogatories, the jury found that defendants McCollister and Burgin were 50% negligent and that defendants Kinne and Communications were 50% negligent. The jury returned a verdict for Merritt in the amount of $65,000.00. Thereafter, Kinne and Communications filed a motion for judgment in accordance with their motions for a directed verdict and, in the alternative, for a new trial. The trial judge granted the motion for directed verdict and entered judgment for the defendants Kinne and Communications. He then entered judgment against McCollister and Burgin for the full amount of damages found, i.e., $65,000.00.
The appellants, McCollister and Burgin, have presented several points on appeal, one of which presents reversible error and requires, in our opinion, a new trial. This point claims error because the trial judge mistakenly instructed the jury that they might find defendants McCollister and Burgin liable upon the doctrine of res ipsa loquitur.[1]
The following additional facts are relevant to a consideration of this point. Two days before the accident, Burgin took his pickup truck to Barfield's Service Station where he had the rear wheels removed and replaced. He was not present when the wheels were changed. After the pickup truck was returned to him, he used the truck without incident. It was then loaned to McCollister, who was driving at the time that the wheel came off.
*691 In West Coast Hospital Association v. Webb, Fla. 1951, 52 So.2d 803, the court pointed out the essential element that we find lacking in the facts of this case:
"Negligence may not be presumed, must be proved, but where direct proof is wanting and such circumstances are shown as to leave no conclusion except that the defendant was at fault, a prima facie case may arise, justifying the application of the rule of res ipsa loquitur. On the contrary, one may not avail himself of the doctrine if he proves specific negligence.[2] The element universally considered indispensable to invoking the rule is the sole and exclusive control in the defendant of the instrumentality causing the injury; yet this is not without exception, as we said in Yarbrough v. Ball U-Drive System, Fla., 48 So.2d 82, 83. We repeat what we said there: `Establishment of the facts that the instrument causing the injury was in the sole control of the defendant, that the occurrence would not have happened in the ordinary course of events had there been proper care on the defendant's part, provides evidence that the injury sprang from the defendant's negligence.'"
[Footnote added]
The principles set forth have been followed in a great many cases. St. Petersburg Coca-Cola Bottling Co. v. Cuccinello, Fla. 1950, 44 So.2d 670; Stanek v. Houston, Fla.App. 1964, 165 So.2d 825; Estes, Inc. v. Florida Power and Light Co., Fla.App. 1970, 242 So.2d 474. It has been pointed out that res ipsa is ordinarily unavailable to the plaintiff in automobile accident cases. See McGinley v. Chancey, Fla. 1953, 70 So.2d 357; Abrams v. Nolan Brown Cadillac Company, Fla.App. 1969, 228 So.2d 131. There remains for consideration only the exception set forth in Yarbrough v. Ball U-Drive System, Fla. 1950, 48 So.2d 82. Appellee Merritt points out that the instant case involves defective equipment on a vehicle. In Yarbrough, the forward end of a drive shaft became displaced. This court followed the Yarbrough rational in Kulczynski v. Harrington, Fla.App. 1968, 207 So.2d 505, where it was stated that the jury was entitled to find from the facts presented that a ladder rack on top of a truck was improperly secured and appellant knew of the condition or by the exercise of reasonable care could have and should have known of it.
The exception enunciated in Yarbrough and applied in Kulczynski is not applicable here. The accident is clearly susceptible to the interpretation that it was caused by the wheel change at the service station. There were no facts presented upon which a jury would be entitled to find that appellants knew of the condition or could have or should have known of it by the exercise of reasonable care. Cf. Brookshire v. Florida Bendix Co., Fla. App. 1963, 153 So.2d 55. The present case is governed by the principles set forth by the Supreme Court in Schott v. Pancoast Properties, Fla. 1952, 57 So.2d 431, where it was held:
"The doctrine may not be invoked unless it appear that the thing causing the injury was so completely in the control of the defendant that, in the ordinary course of events, the mishap could not have occurred had there been proper care on the defendant's part.
"This exclusive control, with certain variations, Yarbrough v. Ball U Drive System, Fla., 48 So.2d 82, none of which is present here, is an indispensable element and, as a corollary, the doctrine cannot avail if, from the factual situation developed it could be reasonably inferred that the injury was attributable to another." 57 So.2d 431, 432.
It is apparent that the error goes to the very heart of the case. The plaintiff presented evidence, which will hereafter be discussed, which tended to show that McCollister, while driving the pickup, should *692 have been cognizant that the wheel was becoming loose. If the jury found against the plaintiff on this issue, upon which there was conflicting evidence, then they may have found liability solely upon the inapplicable rule of evidence.
We turn now to the appeal by the plaintiff Merritt from the judgment entered upon defendants' Kinne and Communications' motions for a judgment in accordance with their motions for directed verdict. The additional facts relevant to this appeal are as follows: At the time the wheel came off the pickup truck, Kinne was driving the Communications van in a northerly direction. His automobile was a 1971 Ford Van Truck. He was going at a rate of 50 to 55 miles per hour. He first saw the detached wheel at a distance of two or three telephone poles from the pickup truck. The poles were about 130 feet apart so that Kinne was from 260 to 390 feet away. He testified, and the physical facts support his testimony, that he immediately applied his brakes and turned his vehicle to the right to avoid the wheel. Eight or nine feet after the separation, the wheel turned south and proceeded directly in the northbound lane heading toward the van operated by Kinne. There was a lapse of two to three seconds from the time the wheel separated to the time it crashed into the front of the van. The wheel struck the van in the front, right center. Kinne was in the process of turning to the right when his van was struck. The van did not respond fully but at impact left the ground and struck the Merritt vehicle. The collision took place on the west edge of the southbound lane.
The defendant Kinne was in an emergency situation. It is pure speculation to say that a different reaction could have prevented Merritt's injury. We conclude that the trial judge correctly determined that there was no evidence of negligence on the part of the driver Kinne.
Hormovitis v. Mutual Lumber Company, Fla.App. 1960, 120 So.2d 42, dealt with a similar emergency situation. There the court affirmed a summary judgment for a defendant who turned the wrong way when faced with the unexpected circumstance of a runaway truck that sped out of a side road and across the highway. The court found the governing law to be:
"It is clear that situations can and do arise in which the sudden emergency may leave the actor no time for thought or the weighing of alternative courses of action and therefore the speedy decision which is made is based very largely upon impulse or instinct. Consequently, the law does not require a defendant in a situation of sudden peril, not created by the defendant, to act with the same care and skill required of a person who has ample time to exercise his judgment. Panama City Transit Co. v. DuVernoy, 159 Fla. 890, 33 So.2d 48."
120 So.2d 42, 45.
Accordingly, we will reverse the judgment against defendant Keith K. Burgin, doing business as Seaside Plumbing Co., and defendant Gary Lee McCollister, and will affirm the judgment for defendant Communications Maintenance, Inc. and defendant Leon Kinne. Ordinarily, we would not proceed further with this matter in this court. But we find here two further questions presented on appeal, the determination of which before a long and expensive retrial we believe to be in the interest of substantial justice to the parties.
These questions concern two aspects of the testimony of W. Blake King, a professional engineer who testified for the plaintiff as an expert witness. We have examined the record of this expert's testimony and we think that the opinions expressed therein are based upon facts in the record and are within the proper scope of the examination of this expert witness. We would find no error upon the admission of expert opinion as brought to our attention by the briefs in this case. See Seaboard Coast Line Railroad Company v. Hill, Fla. App. 1971, 250 So.2d 311.
The witness King went into detail concerning an experiment he had performed for the purpose of preparing himself *693 to testify. The experiment consisted of loading a similar truck and driving the truck on an airport runway at approximately 50 miles per hour. Experimental evidence should be received with caution and only when it is clear that the experiment or experiments are broad enough to have distinct probative value. Hisler v. State, 52 Fla. 30, 42 So. 692 (1906); Huff v. Belcastro, Fla.App. 1961, 127 So.2d 476. There is a definite danger of over emphasis when the experimental evidence consists of a single experiment. See Lawrence v. State, 45 Fla. 42, 34 So. 87 (1903). We hold that, judged by the proper standards, the admission of testimony by the witness King as to his experiment was error.
The judgment for the plaintiff Shelton Merritt III against the defendants Keith K. Burgin, doing business as Seaside Plumbing Co., and Gary Lee McCollister is reversed and the cause remanded for a new trial as to these defendants. The judgment for the defendants, Communications Maintenance, Inc., and Samuel Leon Kinne is affirmed.
Affirmed in part, reversed in part and remanded as to defendants Keith K. Burgin and Gary Lee McCollister.
NOTES
[1] "If you find that the circumstances of the occurrence were such in the ordinary course of events, the wheel would not have become detached from the defendant's automobile in the absence of negligence, and that the motor vehicle causing an injury was in the exclusive control of the defendant at the time it caused the injury, you may infer that the defendant was negligent unless taking into consideration all the evidence in the case you conclude that the occurrence was not due to any negligence on the part of the defendant." See: FSJI 4.6
[2] But see McKinney Supply Company v. Orovitz, Fla. 1957, 96 So.2d 209.