330 So.2d 540 (1976)
Patricia Ann EDEN, As Administratrix of the Estate of Norman Frederick Eden, Jr., Deceased, Appellant,
v.
FOOD FAIR STORES, INC., etc., Appellee.
No. 75-353.
District Court of Appeal of Florida, Third District.
April 20, 1976.
*541 Farish & Farish, West Palm Beach, for appellant.
Horton, Perse & Ginsberg, Hawkesworth & Schmick, Miami, for appellee.
Before BARDULL, C.J., and PEARSON and NATHAN, JJ.
PEARSON, Judge.
Patricia Ann Eden, as administratrix of the estate of her deceased husband, Norman Frederick Eden, Jr., sued Food Fair Stores, Inc., alleging that the negligence of its driver had caused the death of her husband in a collision between a tractor-trailer and a pickup truck. Food Fair Stores, Inc., was the owner of the tractor-trailer involved. The cause was tried before a jury, with a verdict returned for the defendant. Final judgment was entered on the verdict and this appeal has been taken from that judgment.
The collision occurred at approximately 2:00 a.m. when the pickup truck Eden was driving struck the rear-end of the Food Fair truck. There were no eyewitnesses to the collision, Eden having been killed as a result of the collision and the driver of the Food Fair truck having disappeared. From the evidence presented, it appeared that the driver of the Food Fair truck, having proceeded north on Rt. 441 in Broward County, Florida, began to turn his truck through a gap in the median in order to head in the opposite direction. The collision occurred either because Eden was driving in the left, north bound lane and did not see the truck in time to avoid the collision, or because the driver of the Food Fair truck was unable to negotiate the U-turn successfully and backed up in order to complete the turn. Eden's pickup left no skid marks. He was driving at a speed of between 55 and 70 miles an hour. The Eden vehicle continued down the highway for 0.3 of a mile destroying two bus benches after the initial impact. An autopsy was performed by the Broward County medical examiner. A blood alcohol test at that time showed an alcohol content of 0.05%.
As a part of defendant's case, Food Fair presented the testimony of an expert who testified to a test or experiment made with a similar tractor-trailer and a pickup truck similar to that driven by the plaintiff's deceased.
Patricia Eden, as administratrix, has presented nine points for reversal of the judgment. We have heard argument and have carefully examined the briefs upon each of these points. It will not, however, be necessary to discuss each one separately. We find that the record does not show error as to appellant's points 2, 3, 4, 5, 6 and 8. On the other hand, we think that appellant's points 1, 7 and 9 merit some detailed consideration in this opinion.
Point 1 urges that the court erred first in charging the jury upon the traffic reguation statute, Fla. Stat. § 316.028(1),[1] having to do with driving under the influence of alcohol and second in inserting the word *542 "rebuttable" into the court's instruction concerning the presumption created by Fla. Stat. § 322.262(2)(a).[2]
The instructions were proper under the evidence presented in this case. There was conclusive evidence that the body of the deceased contained 0.05% alcohol content in the blood at the time of his death. There was also testimony that this blood content represented a considerable consumption of alcohol and that it would substantially affect the responses of the deceased prior to his death. Therefore, the instruction on driving under the influence of alcohol was proper.
It is the plaintiff's position that because of Fla. Stat. § 322.262(2)(a) she was entitled to an instruction in the statutory language without qualification. It would have been preferable for the court to have read the statute as written and then to have instructed the jury that all presumptions are rebuttable. See Locke v. Stuart, Fla.App. 1959, 113 So.2d 402. It was not a reversible error, however, under the circumstances presented for the judge to include the word "rebuttable" in his instruction.
Appellant's point 7 urges error upon the court's refusal of a requested instruction on Fla. Stat. § 316.085(2), which imposes restrictions upon a driver changing his lane of travel on a multi-lane highway. It is plaintiff's contention that the deceased was driving in the left-hand lane, in which the collision occurred and that he may have been limited in his ability to change lanes to avoid the defendant's truck. There is no direct evidence of decedent's lane of travel prior to the accident. The record does show that the accident occurred in the left hand lane. It does not show that there was, in fact, a restriction upon decedent's ability to change lanes. Additionally, the request for an instruction on the change of lane statute was included in one submitted which included instructions on several other traffic regulation statutes. A part of the requested instruction was given. Other parts, which were not applicable to the facts proved, were properly denied. Under these circumstances, and particularly where the jury was fully instructed upon the law pertaining to automobile negligence, the refusal of the instruction on the change of lane regulation was not reversible error. Cf. Winn-Dixie Stores, Inc. v. Nall, Fla.App. 1974, 302 So.2d 781.
The remaining point which we think merits discussion is appellant's point 9. It is as follows:
"The trial court erred in allowing defendants' expert witness, Harry Meyersohn, to testify over objection concerning an experiment where it was not shown as a prerequisite that the experiment was made under conditions substantially similar to those which prevailed at the time of the accident in question, nor that the nature of the experiment was such that the jury would be enlightened rather than confused."
*543 The law applicable to experiments has been enunciated by the Supreme Court of Florida in Hisler v. State, 52 Fla. 30, 42 So. 692 (1906):
"Evidence of an experiment whereby to test the truth of testimony that a certain thing occurred is not admissible, where the conditions attending the alleged occurrence and the experiment are not shown to be similar. * * * Evidence of this kind should be received with caution, and only be admitted when it is obvious to the court, from the nature of the experiments, that the jury will be enlightened, rather than confused. In many instances, a slight change in the conditions under which the experiment is made will so distort the result as to wholly destroy its value as evidence, and make it harmful, rather than helpful."
See also Huff v. Belcastro, Fla.App. 1961, 127 So.2d 476; Burgin v. Merritt, Fla. App. 1975, 311 So.2d 688.
The testimony of the expert concerning the tests consisted of his opinion of the distance and time that the Food Fair truck would be visible to an occupant of the pickup truck driven by plaintiff's deceased. Plaintiff's objections to the testimony at the trial were directed to specific questions, as was proper. Most of these objections were sustained. The grounds of the plaintiff's objections on those occasions in which plaintiff's objections were overruled did not raise the same grounds now claimed as error. Nevertheless, we have examined the testimony of the expert in the light of plaintiff's point 9 and we find that with regard to the matters testified to, the admission of the expert's recitation of his conclusions from the reconstruction of the accident was not error.
Accordingly, the judgment appealed is affirmed.
NOTES
[1] "316.028 Driving while under the influence of alcoholic beverages, model glue, or controlled substances

"(1) It is unlawful and punishable as provided in subsection (2) for any person who is under the influence of alcoholic beverages, model glue, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this state."
[2] "(a) If there was at that time 0.05 percent or less by weight of alcohol in the person's blood, it shall be presumed that the person was not under the influence of alcoholic beverages to the extent that his normal faculties were impaired."

The instruction as given by the court was:
"You are instructed that there is a law in Florida which reads as follows:
"FSA 322.262 Presumption of Intoxication; testing methods. 
`... (2)(a) If there was at that time 0.05 per cent or less by weight of alcohol in the person's blood, it is a rebuttable presumption that the person was not under the influence of alcoholic beverages to the extent that his normal faculties were impaired.'"