PER CURIAM.
We affirm the final judgment in favor of Renee and Martin Reeber in this products liability case. See Helman v. Seaboard Coast Line Railroad Co., 349 So.2d 1187 (Fla.1977); Florida Power & Light Co. v. McCollum, 140 So.2d 569 (Fla.1962); Dory Auerbach Realty Co. v. Waser, 359 So.2d 902 (Fla. 3d DCA 1978); Burgin v. Merritt, 311 So.2d 688 (Fla. 3d DCA), cert. denied, 324 So.2d 84 (Fla.1975); Gallub v. Del Vecchio, 301 So.2d 785 (Fla. 3d DCA 1974), cert. denied, 314 So.2d 774 (Fla.1975); Dixie-Bell Oil Co., Inc. v. Gold, 275 So.2d 19 (Fla. 3d DCA 1973); Garcia v. Lujando, 253 So.2d 725 (Fla. 3d DCA 1971); Speight v. Dulimba, 208 So.2d 833 (Fla. 3d DCA 1968); General Tire v. Maddox, 372 So.2d 123 (Fla. 4th DCA 1979), cert. denied, 381 So.2d 766 (Fla.1980); Russell v. Guider, 362 So.2d 55 (Fla. 4th DCA), cert. denied, 368 So.2d 1373 (Fla.1978); Farmer v. B.F. Goodrich Co., 252 So.2d 593 (Fla. 2d DCA), cert. denied, 255 So.2d 686 (Fla.1971); Washewich v. LeFave, 248 So.2d 670 (Fla. 4th DCA 1971).
On cross-appeal Lehman Buick argues that it is entitled to indemnity from B.F. Goodrich since plaintiff’s injuries were solely caused by the negligence of the manufacturer. We agree with that contention and on remand direct the trial court to modify the final judgment so as to provide indemnity to Lehman from Goodrich. See Houdaille Industries v. Edwards, 374 So.2d 490 (Fla.1979); Pender v. Skillcraft Industries, Inc., 358 So.2d 45 (Fla. 4th DCA 1978); Mims Crane Service, Inc. v. Insley Manufacturing Corp., 226 So.2d 836 (Fla. 2d DCA), cert. denied, 234 So.2d 122 (Fla.1969), and cases cited therein.
Affirmed in part, reversed in part and remanded with directions.