FRANK, Judge.
The appellants, Alvin Woodard, Barbara Woodard, and The Estate of Barbara Woodard, have appealed from a final judgment entered against them in this negligence action originating in a collision between Alvin Woodard’s pickup truck and appellee Michael Barkley’s motorcycle. We affirm.
Of the four points appellants have raised, each of which we have considered, only one merits discussion: whether the trial court properly instructed the jury on section 316.-085(2), Florida Statutes (1985), entitled “Limitations on Overtaking, Passing, Changing Lanes and Course.”[1] The accident occurred when Barkley, driving a motorcycle, attempted to pass Woodard’s pickup truck which had slowed down to make a left turn into his driveway. The critical, contested question was whether Woodard had flicked on his turn signal and whether his tail lights were illuminated. Woodard stated that he had signalled, that he knew his tail lights were operative, and that he had looked into his rearview mirrors before turning but he did not see Barkley trying to pass him. Barkley testified that he saw no brake lights or turn signals before attempting to pass. An eyewitness, who could not see the lights on the truck, commented that Barkley’s motorcycle was proceeding in a zigzag course down the street, and Barkley admitted having drunk two beers prior to the accident.
Unfortunately, the collision severely injured Barkley, rendering him permanently paraplegic. The jury awarded damages to Barkley in the amount of $1,100,000. It further found that he was seventy-five percent comparatively negligent. Thus, the court entered final judgment in favor of Barkley and against appellants in the amount of $275,000.
The primary thrust of the appellants’ argument is that section 316.085(2) is not applicable to a situation in which a person has slowed down on a two lane residential road, put on his turn signal and turned left into his own driveway. In our view, however, both the plain language of the statute and the scant number of cases commenting upon it support the conclusion that the jury instruction was proper.
Although everyday experience suggests that the statute was intended to apply to four lane highways, it literally prohibits the driver of a vehicle from moving from any lane on any highway until he has determined that another car is not passing and that the move can be safely effected. No exception exists for left-hand turns on resi *779 dential streets. Furthermore, as the appellants’ counsel pointed out in his closing argument, the statute limits changes in course that will interfere with “the safe operation of any vehicle approaching from the same direction.” Thus, the jury was afforded the opportunity to consider whether Barkley unsafely drove his motorcycle, and it did in fact find him 75% negligent. Moreover, the reported decisions, too, tend to support applicability of the statute in this type of situation. Although the third district in Eden v. Food Fair Stores, Inc., 330 So.2d 540, 542 (Fla. 3d DCA 1976), concluded that the statute is one which “imposes restrictions upon a driver changing his lane of travel on a multi-lane highway,” other courts have applied the statute more expansively to factual settings quite similar to the one before us. In Lindsey v. Johnson, 415 So.2d 778 (Fla. 1st DCA 1982), pet. for rev. denied, 426 So.2d 26 (1983), the defendant, Lindsey, attempted to pass a truck pulling a boat and trailer that had slowed down to make a left turn into a driveway. The defendant had testified that she did not see any turn signals on either the boat or the truck. The trial court instructed the jury on section 316.-085(2), Florida Statutes. When the jury returned with a verdict in favor of the defendant, a new trial was ordered. The first district reversed, commenting that: “The jury instructions were a correct formulation of the applicable law, and we will not assume that, without more, the jury was remiss in its allotted task of applying those instructions to the facts.” 415 So.2d at 780.
In both Ashton v. Castor, 220 So.2d 409 (Fla. 1st DCA 1969), and Parker v. Hofheinz, 181 So.2d 367 (Fla. 1st DCA 1966), cert. denied, 188 So.2d 807 (1966), the courts encountered no apparent difficulty in applying the statute to similar left-turn cases, although the facts in those cases may arguably be distinguished on the ground that the driver in each instance made a wide turn. That distinction, however, does not persuade us to a different result.
Based upon the foregoing, we affirm the judgment.
SCHEB, A.C.J., and SCHOONOVER, J., concur.

. Section 316.085(2) provides that:
No vehicle shall be driven from a direct course in any lane on any highway until the driver has determined that the vehicle is not being approached or passed by any other vehicle in the lane or on the side to which the driver desires to move and that the move can be completely made with safety and without interfering with the safe operation of any vehicle approaching from the same direction.