TOM HISLER, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  In a prosecution for murder it is not error to refuse to give an instruction that the defendant would be justified in taking the life of one or all of several persons who had conspired together to kill him, when the instruction does not state that the defendant must have known of, or had reasonable ground to believe in, the existence of such conspiracy, or that the conspirators must have been present in the furtherance of their design, or that the killing of one or all of such conspirators must have been necessary or apparently necessary to save the life of the defendant or to protect him from great bodily harm.

2.  It is not error to refuse to give a charge which assumes facts not conceded in the evidence, and which states as law matters of fact which the jury should determine.

3.  It is not error in a prosecution for murder to refuse a charge "that if you find from the evidence that the deceased was at or near the place of the killing, concealed there early in the morning of the killing, and this fact was communicated to the accused, then he had a right to arm himself and believing that the deceased had left the place where he had been between the defendant and

Hisler v. The State of Florida—Syllabus.

his oxen, then the action of the defendant in hunting his oxen was the act of a prudent man, doing those things he had a right to do, and if assaulted was justified in taking the life of the deceased and you should find him not guilty and acquit him," since it assumes facts not conceded in the evidence, and states as law matters of fact which the jury should determine, and, besides, it instructs the jury that the defendant would be justified in killing the deceased under circumstances not warranted by law.

4. The refusal to charge the jury "that a surgeon or physician, testifying to fact, which a non-professional or non-expert witness may testify to, such as the wound, as to its location upon the body of the deceased, or the number of wounds upon a person and whether they were located in the front part of the deceased or back part, is non-expert testimony, and one witness who knows the facts of the existence of such wounds and their location upon the body of the deceased is as competent to testify as another to testify to such facts, if he can relate the circumstances which he is testifying about intelligently, and being a professional witness or expert upon such facts does not entitle such witness to more credit than to any other witness as to such facts testified about," is not error, since the charge as framed calls particular attention to a portion of the testimony of some of the witnesses, and the latter part of the charge as expressed has a tendency to invade the province of the jury as to the relative credibility of certain witnesses.

5. Charges which state correct abstract propositions of law should not be given to a jury when they are not applicable to the facts of the case being tried.

6. Immaterial testimony objected to should not be admitted in a prosecution for murder even though the court be of opinion that it is harmless to the defendant, and such immaterial testimony, if admitted, should be stricken on proper motion.

7. A map shown by a witness to have been made by him

from a survey to locate objects and points indicated to him, and to be an accurate map of such objects and points, is admissible in evidence for the consideration of the jury in connection with testimony relevant to the case which the map is intended to illustrate or explain.

8. Evidence of an experiment whereby to test the truth of testimony that a certain thing occurred is not admissible where the conditions attending the alleged concurrence and the experiment are not shown to be similar. The similarity of circumstances and conditions go to the admissibility of the evidence and must be determined by the court.

9. Evidence of an experiment should be received with caution, and should be admitted only when it is obvious to the court from the nature of the experiments that the jury will be enlightened, rather than confused. In many instances a slight change or difference in the conditions under which the experiment is made will so distort the result as to wholly destroy its value as evidence and make it harmful rather than helpful.

10. If in the discretion of the trial court proffered evidence of an experiment is rejected the appellate court will not review the ruling unless an abuse of discretion appears. But where evidence of an experiment is admitted over proper objections and the rule as to similarity of circumstances and conditions attending the occurrence and the experiment, does not appear to have been complied with in admitting the evidence, the appellate court will review the ruling, and if error be found therein, and it does not appear from the whole record that no harm could have resulted to the defendant from the admission of such evidence, the judgment may be reversed.

11. Targets into which shots have been fired from a gun as an experiment should not be admitted in evidence over the objection where it does not appear that the same or a similar gun was used, or that the shot, powder and loading were similar, or that the target was so placed

Hisler v. The State of Florida—Opinion of Court.

as to be similar in position to the object in controversy.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the.opinion of the court.

*Leonidas E. Wade* and *John E. Hartridge & Son,* for Plaintiff in Error;

*W. H. Ellis,* Attorney-General, and *Jno. L. Doggett,* for the State.

WHITFIELD, J.: The plaintiff brings writ of error to a judgment of the Circuit Court for Duval county convicting him and sentencing him to the State Penitentiary for life for the murder of Ely Simmons on August 11th, 1905.

A motion for a new trial having been overruled and an exception taken such ruling is assigned as error.

An exception was taken and error is assigned on the refusal of the court to give the following charge requested by the defendant: "That if you believe from the evidence that Sam Simmons and his son Eli went into the woods for the purpose of taking the life of the defendant, upon the day of the killing, and following up this common purpose, and at the time of the killing, that either Sam Simmons or his son Eli shot at the defendant, attempting to kill him, then the shooting by one was the action of the other; the rule of law in such case is: 'Everyone who does enter into a common purpose or design is equally deemed in law a party to every act which may afterwards be done by any of the others in furtherance of such common design.' In such case the defendant would be justified in

3—S. C.

taking the life of any one or all of such persons to protect himself from great bodily harm or to save his own life." The last sentence of this charge is defective in that it justifies the defendant in killing either or all of a band of conspirators irrespective of whether or not he knew of or had reasonable ground to believe in the existence of the conspiracy, or that the conspirators were present in furtherance of the conspiracy. The charge is further defective in its omission of the idea that the killing, to be justifiable, must have been necessary, or had the reasonable appearance to the defendant of being necessary, to save his own life or to shield himself from great bodily harm. The refusal to give this charge as framed was not error.

The following charge requested by defendant was refused, an exception was taken and error is assigned thereon : "That if you find from the evidence that the deceased was at or near the place of the killing, concealed there, early in the morning of the killing, and this fact was communicated to the accused, then he had a right to arm himself and believing that the deceased had left the place where he had been between the defendant and his oxen, then the action of the defendant in hunting his oxen was the act of a prudent man, doing those things he had a right to do, and if assaulted was justified in taking the life of the deceased and you should find him not guilty and acquit him."

This charge is erroneous in that it assumes facts as to the belief of the defendant not conceded in the evidence, and states as law matters of fact which the jury should determine. In addition to this the phrase "and if assaulted was justified in taking the life of the deceased" is clearly erroneous since the facts previously stated in the charge if true would not justify the defendant in taking the life of

the deceased. There was no error in refusing to give this charge.

The court refused to give the following charge requested by the defendant: "That a surgeon or physician, testifying to fact, which a non-professional or non-expert witness may testify to, such as the wound, as to its location upon the body of the deceased, or the number of wounds upon a person and whether they were located in the front part of the deceased or back part, is non-expert testimony, and one witness who knows the facts of the existence of such wounds, and their location upon the body of the deceased, is as competent to testify as another to testify to such facts, if he can relate the circumstances which he is testifying about intelligently, and being professional witness or expert upon such facts does not entitle such witness to more credit than to any other witness as to such facts testified about."

An exception having been taken the refusal of the court to give this charge is assigned as error. As this charge is framed it calls particular attention to a portion of the testimony of some of the witnesses; and besides, the latter part of the charge as expressed has a tendency to invade the province of the jury as to the relative credibility of certain witnesses. The court can not be held in error for refusing it.

The following portion of the charge given by the court was excepted to and is assigned as error: "Now, one can not by his own act provoke a difficulty with his adversary and having provoked such difficulty, act under the necessity produced by this difficulty and kill his adversary and justify such homicide under a plea of self-defense. In other words, if one with hatred or malice in his heart against a particular person provokes a difficulty with that person,

by act, words, or otherwise, and then in such difficulty kills that person, he can not justify the act. Although in the progress of such difficulty there did exist a necessity to kill in order to save his life or preserve his person from the imminent danger of great harm, and although the person killed did make the first attack in the particular difficulty in which the homicide occurred, having been provoked thereto by the act or words of the other. Before one not reasonably free from blame in the inception of the difficulty can justify a homicide under the plea of self-defense, he must honestly and bona fide decline the combat."

This portion of the charge of the court is abstract and may not be objectionable under a state of facts justifying it. See Sylvester vs. State, 46 Fla. 166, 35 South. Rep. 142. While it is. not exactly applicable to the facts of this case, in view of other charges given applicable to the case and entirely fair to the defendant, it seems clear that the defendant could not have been injured by the charge.

A motion to strike the testimony of witnesses as to a lantern found in the vicinity of the homicide was overruled, the court stating that its materiality did not appear, but that it could not do the defendant any possible damage to leave it in, and if the materiality is not shown it would be stricken. On another trial such testimony unless shown to be material, should be omitted.

A witness testified that a map offered in evidence was made by him from a survey to locate points indicated to him and that it accurately shows the location of several stumps and other objects pointed out to him and the locations of the road at the place of the homicide. The defendant objected to the introduction of the map in evidence on the ground that it is secondary, i. e., based on information received from others. The witness testified that he made the map from a survey made by him of objects

pointed out to him and that the map accurately shows the location of the objects as pointed out to him. The value of the map is its accuracy in showing the location of objects for the information of the jury. The information of the witness as to the location of the objects was the result of his own survey and observation, and not hearsay, It is not suggested that the objects located were not at the place of the homicide. As to the witness that might have been secondary, but the location of the objects actually pointed out to him was not secondary evidence. The map was property admitted for the consideration of the jury in connection with other evidence. Rawlins v. State, 40 Florida 155, 24 South. Rep. 65.

The State offered in evidence certain targets into which a witness testified he had fired shots from a gun. The defendant objected on the ground that no one had testified about any target shooting and that it was not proper evidence on rebuttal. These objections were overruled, and the defendant excepted. Error is here assigned. The evident purpose of introducing the targets was to discredit the defendant's testimony as to the conditions under which he shot the deceased. In his testimony the defendant admitted the shooting of the deceased, but claimed it was done in self-defense. He testified that deceased fired on him and that he shot the deceased at first with buckshot and he staggered back and fell, and as he was getting up with his pistol in his hand he shot him again with mixed shot, buckshot and small shot. There was testimony that shot of different sizes penetrated the deceased in different parts of his person, and the State sought to show the deceased could not have been shot as testified by the defendant, because of the location of the shot wounds. The targets were apparently designed to show that shot from a gun would not scatter over so much

surface of an-object a given distance from the gun when fired. There was no direct contradiction of the defendant's testimony as to the character of the shot he used or the position of the person of the deceased when he was shot by the defendant. To contradict this testimony by circumstantial evidence as to experiments, the rule as to the admissibility of evidence of experiments should be observed. Evidence of an experiment whereby to test the truth of testimony that a certain thing occurred is not admissible where the conditions attending the alleged occurrence and the experiments are not shown to be similar. The similarity of circumstances and conditions go to the admissibility of the evidence and must be determined by the court. If in the discretion of the trial court such proffered evidence is *rejected*, the appellate court will not review the ruling unless an abuse of discretion appears. But where such evidence is admitted over proper objections and the rule as to similarity of circumstances and conditions attending the occurrence and the experiment, does not appear to have been complied with in admitting the evidence, the appellate court will review the ruling, and if error be found therein, and it does not appear from the whole record that no harm could have resulted to the defendant from the admission of such evidence, the error may cause a reversal of the judgment. Evidence of this kind should be received with caution, and only be admitted when it is obvious to the court from the nature of the experiments that the jury will be enlightened, rather than confused. In many instances, a slight change in the conditions under which the experiment is made will so distort the result as to wholly destroy its value as evidence, and make it harmful rather than helpful. Lawrence v. State, 45 Fla. 42, 34 South Rep. 87; Spires v. State, 50 Fla. 121, 39 South. Rep.

181; State v. Justus, 11 Ore. 178, 8 Pac. Rep. 337; State v. Fletcher, 24 Ore. 295, 33 Pac. Rep. 575; Wigmore's Ev. Sec. 442, et seq.

In this case it does not appear that the same or a similar gun was used, or that the shot, powder and loading were similar, or that the target was so placed as to be similar in position to the body of the deceased when he was shot as testified by the defendant. These and other conditions and circumstances not being shown to be similar, the targets were liable to confuse the jury and should not have been admitted under the facts shown by this record. Such evidence could materially affect the defendant and it can not be said he was not harmed by its admission.

There are other general objections to evidence not specifically assigned which we will not discuss here, no reversible error appearing as to such objections from a careful reading of the transcript.

For the error in admitting in evidence the targets the judgment is reversed and a new trial granted.

SHACKLEFQRD, C. J., TAYLOR, COCKRELL, HOCKER and PARKHILL, JJ., concur.