## McCORMICK SHIPPING CORPORATION, Appellant,
v.
## Helen STRATT, Appellee.
### No. 20208.

United States Court of Appeals
Fifth Circuit.
Sept. 24, 1963.

Cotton Howell, Shutts, Bowen, Simmons, Prevatt & Boureau, Miami, Fla., for appellant.

Monte K. Rassner, Miami, Fla., for appellee.

Before CAMERON and WISDOM, Circuit Judges, and DeVANE, District Judge.

PER CURIAM.

■ Appellee Mrs. Stratt was injured while a passenger on appellant McCormick's ship. A small closet door swung open and, at the same time, she fell against the edge of the door, sustaining injury to her head. The case was tried by the court without a jury and a judgment for appellee was rendered on the libel. A reading of the record convinces us that the evidence was ample to sustain the charges of negligence and the fact of a substantial injury.

■ Appellant argues that, unless it had notice that the lock on the door was defective so as to allow it to swing open, it was under no duty to repair it. Appellant, though not an insurer, is bound not only by what it actually knows, but by what it should have known. A shipowner owes to its passengers the duty of a high degree of care and, through an inspection in the exercise of such care, the trial court found, the defective lock would have been discovered and repaired.

Appellant's other arguments all relate to the facts of the case and the probative force of the evidence offered by the re-

spective parties. We cannot say that the findings of the court below were clearly erroneous. Accordingly, the judgment appealed from is

Affirmed.