340 So.2d 962 (1976)
Larry Eugene VITT and Carol J. Vitt, His Wife, Appellants,
v.
RYDER TRUCK RENTALS, INC., et al., Appellees.
No. 75-1590.
District Court of Appeal of Florida, Third District.
December 20, 1976.
Rehearing Denied January 6, 1977.
*963 Schwartz & Klein, North Miami Beach, Podhurst, Orseck & Parks, Miami, for appellants.
Fowler, White, Burnett, Hurley, Banick & Knight, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PEARSON, Judge.
The appellants are Larry Eugene Vitt and Carol J. Vitt, his wife; they were the plaintiffs in the trial court and received a final judgment awarding damages of $125,000 to Mr. Vitt and $35,000 to Mrs. Vitt. The judgment was pursuant to jury verdicts in an action for damages as a result of defendant's negligence in a collision between a tractor-trailer truck owned, operated and driven by the defendants and a motorcycle driven by Mr. Vitt. Comparative negligence was an issue in the trial and upon return of the jury verdicts, the plaintiffs moved for a new trial urging inadequacy of those verdicts and errors in the trial procedure.
The case was well-tried over a period of several days. Our review of the record in the light of the briefs and arguments convinces us that no reversible error appears, and we affirm.
The plaintiffs have presented six points on appeal. They are as follows: (1) The court erred in admitting into evidence the results of two experiments designed to show the stopping distance and the ability of a motorcycle to negotiate the corner where the accident occurred. (2) The court *964 erred in admitting the testimony of two doctors concerning possible surgical procedures for further treatment of the plaintiff, Mr. Vitt. (3) The court erred in that it rebuked counsel for Mr. Vitt in the presence of the jury. (4) The court erred in allowing the testimony of three rebuttal witnesses whose identity had not been disclosed in the answers to interrogatories. (5) The court erred in failing to reinstruct the jury on comparative negligence when the jury returned with a question on negligence. (6) The court erred in failing to grant a new trial because the verdict was grossly inadequate for the serious injuries incurred.
Plaintiff Vitt was a police officer for the City of Miami Shores. He was proceeding north on N.E. 6th Avenue near its intersection with N.E. 95th Street in Dade County. The defendant truck made a left hand turn from N.E. 6th Avenue to go east on N.E. 95th Street as the plaintiff approached the intersection. The plaintiff applied his brakes and then, rather than hit the truck head-on, laid his motorcycle on its side and tried to skid underneath the truck. The plaintiff struck a part of the truck and was seriously injured in the pelvic region. He suffered permanent anatomical abnormalities of the pelvis and at the time of the trial, suffered from constant leaking of urine and impotence, as well as other claimed associated injuries.
The greatest emphasis on this appeal is placed upon the first point urging that the admission of testimony concerning the results of the two tests was improper. Defendant's witness, C.W. Morrison, testified as an accident reconstruction expert. Over plaintiff's objection, he was allowed to testify that using his son as a rider and using a Harley Davidson motorcycle, which was the make of motorcycle used by the plaintiff, he had conducted 3 tests: two stopping-distance tests and a vehicle control ability test. The two stopping-distance tests were conducted at 32 miles per hour and at 35 miles per hour respectively. The tests were conducted at the site of the accident and attempted to show that a motorcycle of the same general type could be stopped from the point where the plaintiff's skid marks started before the point of impact. The third test was performed at a speed of 35 miles per hour and was designed to show that a Harley Davidson motorcycle could negotiate the corner at that speed without reaching the point of impact. Appellant urges that the following dissimilarities between the tests and the accident should have prevented the tests from being presented to the jury: (1) the point of impact was not properly established; (2) the weight of the driver was not shown to approximate that of the plaintiff; (3) the motorcycle was not shown to have been similar except as to make; (4) the truck was not present during the experiment; and (5) there was no traffic, therefore, no emergency condition.
The appellants urge that under Florida's restrictive policy with regard to admissibility of experiment results, the court erred in admitting the testimony. He relies upon the principle set forth in Morton v. Hardwick Stove Company, 138 So.2d 807 (Fla.2d DCA 1961). See also Burgin v. Merritt, 311 So.2d 688 (Fla.3d DCA 1975), and several opinions in criminal appeals including Hisler v. State, 52 Fla. 30, 42 So. 692 (1906); McLendon v. State, 90 Fla. 272, 105 So. 406 (1925); Roberts v. State, 189 So.2d 543 (Fla.1st DCA 1966). Our reading of these cases and those cited by the appellee convinces us that the best stated rule for the admissibility of evidence of an experiment and its subsequent appellate review is set forth in Huff v. Belcastro, 127 So.2d 476, 479 (Fla.3d DCA 1961), where Chief Judge Horton, speaking for the court, in reversing a judgment based upon a directed verdict for the defendants, stated the basis for the admission of experiment evidence as follows:
* * * * * *
"However, as indicated in 13 Fla.Jur., Evidence, § 301: `Experimental evidence should be received with caution, however, and should be admitted only when it is obvious to the court from the nature of the experiments that the jury will be *965 enlightened rather than confused.' As a prerequisite to the admission of this evidence, it must be shown that the experiment was made under conditions substantially similar to those which prevailed at the time of the accident and the determination of the similarity of the circumstances and conditions must be left to the sound discretion of the trial court, subject to review only for abuse."
* * * * * *
In considering whether or not the trial court abused its discretion so as to deprive the plaintiff of a fair trial in this case, we must consider the purpose for which the evidence was admitted and its possible prejudicial effect. The purpose of the experiments was to determine whether a man on a motorcycle at a given speed (which was testified to by the plaintiff and other witnesses) could effectively stop prior to, or otherwise avoid, the place of contact at the accident scene. We hold that in consideration of the nature of the test and the substantial similarity of the operation of the vehicle, the evidence was relevant for the purpose for which it was tendered. Further, the nature of the tests was such as to enlighten rather than to confuse the jury. The dissimilarity between the test conditions and the conditions surrounding the collision was not such as to destroy the validity of the conclusions which could be drawn by the jury from the evidence of the tests. We, therefore, hold that the trial judge did not abuse the discretion that the law gives him in determining the admissibility of this type of evidence.
Plaintiffs' position upon their second point is that, to be admissible, medical testimony concerning procedures which may improve plaintiff's condition must show that there is a reasonable medical certainty that the medical procedures will, in fact, improve plaintiff's condition. We find that this position is not supported by the rules of evidence. It is well-established that evidence of future possible conditions and circumstances may be admitted in evaluating a plaintiff's present condition. See Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla.3d DCA 1974). See also "`Reasonable Medical Certainty' in Florida," 30 Florida Bar Journal 327. While the probative value of such evidence is not great, it is information the jury should have in the difficult task of trying to give plaintiff's condition a dollar value. We hold no error has been shown.
Appellants' point directed to a claimed rebuke of plaintiffs' counsel before the jury is not supported by the record of the trial of this cause.
Each of the remaining points concerns rulings which are peculiarly within the discretion of the trial judge. An appellate court will reverse a judgment for an abuse of discretion only where the trial court's ruling is not supported by any reasonable view of the issue before him. Cf. Castlewood International Corporation v. LaFleur, 322 So.2d 520 (Fla. 1975). Our review of the record of this trial does not show such an abuse in any of the rulings for which error is assigned.
Affirmed.