405 So.2d 740 (1981)
Cyril C. JANKE and Aileen L. Janke, His Wife, Appellants,
v.
CORINTHIAN GARDENS, INC., Reserve Insurance Company, and Corinthian Development Corporation, Appellees.
No. 78-567.
District Court of Appeal of Florida, Fourth District.
October 7, 1981.
Rehearings Denied December 2, 1981.
*741 John M. Brumbaugh and Scott D. Sheftall of Floyd, Pearson, Stewart, Richman & Weil, P.A., Miami, for appellants.
Robert M. Klein of Stephens, Schwartz, Lynn & Chernay, P.A., Miami, for appellees, Corinthian Gardens, Inc. and Reserve Ins. Co.
Robyn Greene and Sharon L. Wolfe of Greene & Cooper, P.A., Miami and Corlett, Merritt, Killian & Sikes, P.A., Miami, for appellee, Corinthian Development.
William D. Ricker, Jr. of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee, Poly Resins, Inc.
Alan B. Whitaker, Jr. of Carey, Dwyer, Cole, Selwood & Bernard, P.A., Fort Lauderdale, for appellee, Tremco.
BERANEK, Judge.
This is a plaintiffs' appeal from adverse judgments in a suit for personal injuries.[1] On October 29, 1975, the plaintiff was a social guest of a condominium unit owner when he slipped and fell on the condominium garage roof parking deck which was wet. It was raining or misting at the time of the accident. Plaintiff sued the condominium association and the original developer for injuries allegedly sustained in the fall. Suit was also brought against the insurance company providing coverage for the condominium association. At the close of the evidence the trial court directed a verdict for the developer on the theory that the condominium association had taken over operation and management of the building and that the developer/defendant was no longer responsible for the alleged slippery condition of the parking deck. The case was submitted to the jury against the condominium association, and the jury returned a verdict in favor of this remaining defendant. The jury answered a special interrogatory finding that the association was not guilty of negligence. Plaintiff appeals raising numerous issues as to both defendants. We affirm.
The basic positions of the parties at trial were as follows. Appellant walked across the wet parking deck accompanied by his friend, a unit owner. He slipped and fell but got up and immediately proceeded to his car and drove away. There were no signs of injury until substantially later. Plaintiff asserted liability against the condominium association on the basis of Section 718.113(1), Florida Statutes (1977), which imposes upon condominium associations the duty to maintain the common elements. The evidence established that the association had assumed control of the building some nine months before the accident and was actively engaged in the duty of maintaining the common elements in general and the parking deck in particular. Parking was provided in a multi-story structure. The deck was covered by a waterproofing membrane which was defective in that it had been leaking and peeling for several years. This condition initially developed while the building was still under the control and operation of the developer. Approximately nine months before the accident, control and operation of the building had been turned over to the condominium association. The association through its directors, *742 officers and a special committee was concerned with the defects in the deck covering. Inspections of the deck were carried out independently by both the developer and the association at various times. It is conceded by both the developer and the association that they were involved in trying to remedy the conditions of peeling and leaking. Both defendants however strongly deny any knowledge of slipperiness. Further, there was abundant expert evidence that the deck was not, in fact, slippery. Plaintiff concedes he was not able to prove "actual knowledge of slipperiness." It was plaintiff's theory that the defendants were on inquiry notice and that more thorough and careful inspections of the parking deck would have disclosed the alleged slippery condition. As a defensive position, the association also contended it relied upon the developer to fix the defects. Plaintiff's liability theory was that the developer voluntarily assumed the duty to repair the deck even though it had no legal duty to do so. Plaintiff asserted that this voluntary assumption of a duty to repair entailed liability under the concepts of Restatement (Second) of Torts § 324A (1965). Judgments were entered for both defendants based upon the directed verdict for the developer and the jury verdict for the association.
We deal initially with the arguments regarding the condominium association. All parties agree that the association had the duty to maintain and repair the parking deck. Plaintiff raises four points as to the association: (1) curtailment of closing argument; (2) jury instructions regarding notice to agents of the association in individual rather than corporate capacity; (3) admission of test results and samples; and (4) various evidentiary rulings. We conclude that no prejudicial error has been demonstrated and thus affirm the judgment based on the jury verdict.
The curtailment of closing argument related to limitations stemming from the directed verdict in favor of the defendant developer. The plaintiff and the defendant association were both precluded from arguments regarding placing blame on the developer who was released from the suit at the close of all the evidence. The appellant's objections in this regard are not clear in the record and we find no demonstration of prejudice.
As to the second point, the court instructed the jury that knowledge acquired by officers or agents of a corporation while not acting on behalf of the corporation is not imputable to the corporation. The factual situation giving rise to the instruction was that certain agents of the condominium association acting in a purely social context learned of matters concerning the roof deck. The issue was whether the condominium association was on notice of all such facts. The court's instruction was in accord with the law on this subject and we find no error in this regard. Dickson v. Graham-Jones Paper Co., 84 So.2d 309 (Fla. 1955); C. & H. Contractors, Inc. v. McKee, 177 So.2d 851 (Fla. 2d DCA 1965).
The defendant association introduced certain test results and samples of the deck covering which had been removed and tested after the accident. The testimony of two experts who examined the material was offered. Both experts were of the opinion that the material was not slippery, and it appears this testimony was relied upon by the jury in their finding of no negligence on the part of the association. The admission of this evidence did not contravene the rules established in Vitt v. Ryder Truck Rentals, Inc., 340 So.2d 962 (Fla. 3d DCA 1976). Although the test samples were not shown to have been from the precise location of the fall, this was not unfair since plaintiff himself did not know the precise location nor could he give a precise description of the quality of the covering where he fell. Plaintiff himself testified the place he fell was wet and looked "shiny" and "rough" and "smooth." We hold the trial court did not commit abuse of discretion in concluding the test samples were representative and in admitting them and the test results.
*743 We conclude the jury's verdict of no negligence was adequately supported by the evidence. Of particular importance was the expert testimony that the deck covering was not slippery and performed reasonably well in various scientific tests and comparisons.
We next consider the directed verdict in favor of the developer. This directed verdict was granted on the theory that the developer had relinquished actual and formal control of the building to the condominium association. Plaintiff's theory was that the developer, without any legal duty, voluntarily assumed a duty to correct the leaking and peeling and that having done so, was on inquiry notice of all other defects (slipperiness), which could have been discovered in the exercise of due care. We need not rule directly on this issue. It is clear that the condominium association had the statutory duty to maintain and care for the parking deck. Notwithstanding any voluntary action by the developer, the association had hired its own architect to study the problem and make recommendations. The association was actively engaged in attempting to remedy the problems. The jury found the association not to be negligent and all indications are that the crucial evidence was the testimony of the two experts to the effect that the deck covering was simply not slippery. Under the circumstances, if the directed verdict for the developer was error it was harmless due to the jury verdict in favor of the association. See Tarwacki v. Royal Crown Bottling Co. of Tampa, Inc., 330 So.2d 253 (Fla. 2d DCA 1976); Toomey v. Tolin, 311 So.2d 678 (Fla. 4th DCA 1975), cert. dismissed, 336 So.2d 604 (Fla. 1976). Even if the association had contracted with the developer to remedy the defects in the deck, this would not absolve the association from liability for breach of its own duty to plaintiff. We thus conclude the jury's verdict in favor of the association which had the primary duty regarding the parking deck renders harmless any error in the direction of the verdict as to the developer. The judgment in favor of the developer is therefore affirmed.
AFFIRMED.
MOORE and HURLEY, JJ., concur.
NOTES
[1] Suit was brought by Mr. and Mrs. Janke for personal injuries sustained by Mr. Janke and for consequential damages sustained by his wife. Reference to the plaintiffs herein is in the singular.