438 So.2d 854 (1983)
James T. BRADLEY, et al., Etc., Appellants,
v.
Michael GUY, et al., Appellees.
No. 82-495.
District Court of Appeal of Florida, Fifth District.
August 11, 1983.
Rehearing Denied October 17, 1983.
*855 Jack B. Nichols, of Jack B. Nichols, P.A., Orlando, for appellants.
Robert W. Mixon, of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Orlando, for appellees Michael Guy and USAA, and Stephen W. Beik, of Pitts, Eubanks & Ross, P.A., Orlando, for appellees Michael Guy and West American Ins. Co.
DAUKSCH, Judge.
This is an appeal from a judgment in a personal injury case. The minor appellant, Jimmy Bradley, was a passenger in a boat driven by the appellee, Michael Guy, and as a result of the alleged negligence of Michael, Jimmy was injured.
The primary issue on appeal is whether the court erred in refusing to give a requested jury instruction regarding the standard of care applied to boat operators. Appellant requested the following instruction on section 371.52, Florida Statutes (1979):
All boats, of whatever classification, shall be considered dangerous instrumentalities in this state and any operator of such boats shall, during any utilization of said boats, exercise the highest degree of care in order to prevent injuries to others.
Appellant argues, and we agree, that Florida Statute 371.52 (now known as section 327.32, Florida Statutes (1981)) places a higher degree of care upon a boat operator than a person who is not operating a boat.
Where a person is injured by another and no statutory exceptions apply, then the standard of care is governed and defined by the standard jury instruction on negligence, which was given in this case. That instruction reads:
Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either of doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.
The appellee contends that the standard negligence instruction was sufficient in this case. However, the law is well settled that it is the duty of the trial court to instruct the jury on the statutory law applicable to a case as well as all the issues presented. In City of Tamarac v. Garchar, 398 So.2d 889 (Fla. 4th DCA 1981), the trial court refused to give a requested instruction concerning the driving under the influence statute. The Fourth District Court of Appeal said that the refusal of the court to advise the jury regarding the legal effect upon a civil case of a violation of a state law was error. Here, although no criminal penalties are directly attached to Florida Statute 371.52, that statute does set a higher standard of care upon boat drivers than upon other persons. In obiter dicta, the Third District Court of Appeal in Burton v. Varner, 296 So.2d 641 (Fla. 3d DCA 1974) makes reference to the statute and its imposing "a duty upon any operator [of a boat] to exercise the highest degree of care to prevent injury."
In Branch v. Schumann, 445 F.2d 175 (5th Cir.1971), wherein admiralty retained exclusive jurisdiction of a boat accident since the alleged tort occurred on navigable *856 waters, the court noted that Florida Statute 371.52 "imposes the highest degree of care on an owner-operator of a motorboat," but held that the lower court did not err in failing to so instruct the jury because the defendant's conduct was measurable by the standards of maritime law. Under maritime law the owner of a ship in navigable waters owes to his guests only the duty to use reasonable care under the circumstances. Id. at 178; See also, Green v. Ross, 338 F. Supp. 365, 367 (D.C.Fla. 1972). (The court stated: "Plaintiff concedes that, under Branch v. Schumann, 445 F.2d 175 (5th Cir.1971), defendant Ross, cannot be held to the high standard of care created by F.S.A. § 371.52."). The accident in the instant case is not governed by maritime law, therefore the standard of care as set forth in Florida Statute 371.52 should apply.
The Florida legislature has the authority to modify the common law, grant or create a right, or impose an obligation or liability by statute. See § 2.01 Fla. Stat. (1981); Florida E.C.R. Co. v. McRoberts, 111 Fla. 278, 149 So. 631 (1933); Drake Lumber Co. v. Semple, 100 Fla. 1757, 1771, 130 So. 577 (1930). Because the legislature has imposed the highest degree of care upon Florida boat operators, the courts should make juries aware of that standard in boat operator negligence cases, and it was error for the trial court to fail to do so in the instant case.
Appellants' contentions regarding the trial court's alleged error in denying their motion for new trial need not be addressed since this cause must be remanded based on the court's failure to instruct the jury on Florida Statute 371.52. Appellants' contention that the trial court erred in denying their motion in limine to limit the cross-examination of their expert witness on economics will not be considered because appellants did not properly preserve that issue for our review.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.