## LISS v SPIEGEL, et al.
### Case No. 87-33809 CA (25)
Eleventh Judicial Circuit, Dade County

January 25, 1990

## OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

### *ORDER GRANTING MOTION FOR SUMMARY JUDGMENT*

This matter is before the Court on the Motion for Summary Judgment filed by the Estate of Sheldon Spiegel. The Court has reviewed both the contents of the Motion for Summary Judgment and the law asserted in opposition thereto. Both parties were provided an opportunity to present oral argument. Upon due consideration of the merits of the Motion, the Court hereby finds as follows:

### *FACTS*

The Plaintiffs, Irving and Cherri Liss have filed a Corrected Amended Complaint in which they claim negligence against the Estate

of Sheldon Spiegel arising out of an accident which occurred at night in October of 1982 when the M/Y PLAYMATE II ran aground on Turtle Rock near Bimini. Defendant, Hyman Woody Spiegel, Sheldon Spiegel's father, was the captain/operator of the vessel at the time of the accident. Sheldon Spiegel was not on board the vessel.

In the Corrected Amended Complaint, Plaintiffs allege liability on the part of the Estate of Sheldon Spiegel as follows: (1) that Sheldon Spiegel negligently entrusted the vessel to a non licensed, incompetent, irresponsible and inexperienced captain; (2) that Sheldon Spiegel failed to have adequate equipment on board the vessel at the time of the accident to relieve the Plaintiffs from the alleged emergency situation caused by the running aground of the vessel; and (3) that Sheldon Spiegel as co-owner of the vessel was jointly and severally liable for the allegedly negligent actions of his co-owner, Captain Hyman Woody Spiegel. This Court has previously entered Summary Judgment in favor of the Estate of Sheldon Spiegel on points (1) and (2) above. Thus, this order deals solely with the third allegation of liability alleged against the Estate of Sheldon Spiegel.

## CONCLUSIONS OF LAW

While a plaintiff is free to sue in state courts for damages arising from maritime torts occurring on navigable waters, maritime law is the substantive law to be applied irrespective of where the action is brought. *Rindliesch v Carnival Cruise Lines, Inc.,* 498 So.2d 488, 490 (Fla. 3d DCA 1986) (citations omitted); *Miami Valley Broadcasting Corporation v Lang,* 429 So.2d 1333 (Fla. 3d DCA 1983); *Hallman v Carnival Cruise Lines, Inc.,* 459 So.2d 378, 379 (Fla. 3d DCA 1981). The action alleged in the Corrected Amended Complaint was a maritime tort occurring in navigable waters and thus federal maritime law is the proper law to be applied. *Rindfliesch,* at 490; *Kornberg v Carnival Cruise Lines, Inc.,* 741 F.2d 1332 (11th Cir. 1984).

Under federal admiralty law, the owner of a ship in navigable waters owes to all on board a duty of reasonable care under the circumstances of each case. *Rindliesch,* at 491 (citations omitted). A vessel owner is not an absolute insurer of passenger safety and a passenger may only recover personal injury damages if he proves fault or negligence on the part of the owner of the vessel. *Counts v Lafayette Crew Boats, Inc.,* 622 F. Supp. 299-301 (W.D. La. 1983). Thus, if a passenger is injured absent a vessel owner's negligence, no recovery is mandated. *Counts,* at 301.

Plaintiffs argue that the Estate of Sheldon Spiegel is liable to them for the alleged negligent acts of Hyman Spiegel as a result of Sheldon

**187**

Spiegel's role as co-owner of the vessel at the time of the subject accident. However, the negligence of a co-owner of a vessel cannot be imputed to a non-acting co-owner merely because of their relationship as co-owners. *Armour v Gradler,* 448 F. Supp. 741, 750-751 (W.D. Pa. 1978). There must be a showing of some independent negligence on the part of the non-acting or passive co-owner in order for liability to attach. *Armour v Gradler,* 448 F.Supp. at 749.750. The independent negligence alleged in this action against the Estate of Sheldon Spiegel is that Sheldon Spiegel negligently entrusted the vessel to an incompetent captain and/or there was insufficient equipment on board the vessel which negligently caused the accident. This Court has already entered Summary Judgment against the Plaintiffs on these counts, and the Plaintiffs have failed to raise any additional grounds to support their claim. Thus, there exists no independent act of negligence alleged against the Estate of Sheldon Spiegel as a proximate cause of the subject accident.

The facts of this case are on all fours with those in *Gele v Chevron Oil Company,* 574 F.2d 243 (5th Cir. 1978). In *Gele,* the court found that the owner of a pleasure boat which struck an object in the Gulf of Mexico during a night fishing expedition was not liable for the injury sustained by a passenger where the owner was not aboard at the time of the collision, no equipment on board the vessel malfunctioned so as to contribute to the accident, and the owner did not place the vessel at the disposal of an inexperienced boat operator. There existing no relevant facts to distinguish this case from *Gele,* it is hereby

ORDERED AND ADJUDGED that the Estate of Sheldon Spiegel's Motion for Summary Judgment is granted. *Gele v Chevron Oil Company, Id;* see also *St. Hilaire Moye v Henderson,* 364 F.Supp. 1286 (W.D. Ark. 1973); *Travelers Indemnity Company v Gulf Weighing Corporation,* 352 F.Supp. 335 (E.D. La. 1972). The action against the Estate of Sheldon Spiegel is dismissed with prejudice and the Plaintiffs shall go hence without day as against the Estate of Sheldon Spiegel.

DONE AND ORDERED in Chambers, Miami, Dade County, this 25th day of January, 1990.

## ORDER DENYING REHEARING

THIS CAUSE duly came before the Court on Plaintiffs' Motion for Rehearing directed to this Court's Order Granting Motion for Summary Judgment, dated January 25, 1990.

This was a difficult case when the Court entered summary judgment

on January 25, 1990 in favor of Defendant, the Estate of Sheldon Spiegel. It is even more difficult now that Plaintiffs' attorney has brought a number of cases to the Court's attention which were not previously cited. Those cases as analyzed in Plaintiffs' excellent memorandum, advance the propositions that a master is liable for the acts of his servant; or which deal with *respondent superior;* or which request that a distinction be made between pleasure and commercial charters.

This Court does not make law; its function is to follow and/or interpret law. The Court has read and re-read *Gele v Chevron Oil Co.,* 574 F.2d 243 (1978), and it appears to be most directly in point and dispositive of this case. The Court is obligated to follow it. As stated in *Gele:*

> The District Court exonerated B. A. Wilson, the boat's owner. Wilson, however, is held only to a standard of "reasonable care under the circumstances"
>
> \* \* \*
>
> . . . we believe in this case B. A. Wilson met the reasonable care standard. He was not aboard the TIKI TOO at the time of the collision, and no equipment on the boat malfunctioned which might have contributed to the accident. Neither did Wilson place the vessel at the disposal of inexperienced boat operators. Thus, we affirm the District Court's holding that Wilson is free of personal liability.

To the same effect is *Armour v Gradler,* 448 F.Supp. 741 (1978). There, the injured party Armour sought to affix liability for a boating mishap on Mrs. Gradler as the co-owner of the vessel with her husband. Mr. Gradler was operating the boat during a storm, with Armour as a passenger, and a large piece of debris caused the boat to sink. Mrs. Armour was not on the boat at the time of the mishap. However, Mrs. Gradler was aware that during stormy days such as the one in question, debris was frequently encountered in the lake. Said that Court:

> We find no reason to consider whether Mrs. Gradler may as co-owner of the KAMAI reap the benefits of the Limitation Act. A discussion of the imputation of a co-owner's negligence would be relevant if a viable claim remained under the Jones Act or under the seaworthiness doctrine. However, the mere maritime negligence of Donald Gradler cannot be imputed to his wife simply because she is a co-owner. Nor has plaintiff made any independent claim of negligence against Mrs. Gradler. Mrs. Gradler was not on board the KAMAI at the time of the mishap. Testimony at trial showed that she had no knowledge of any existing hull deficiencies which made

**189**

the KAMAI unfit for its intended use. Having concluded that Mrs. Gradler is free from any liability for the injuries and death of Roger Armour, she has no need to employ § 183.

Accordingly, based on the materials before this Court, Plaintiffs' Motion for Rehearing is denied.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 9th day of March, 1990.