MAY, J.
The defendant appeals his conviction for first degree murder and life sentence without parole. He raises two issues. The first issue concerns the admission of a statement that the victim possessed $10,000 in cash; the second issue concerns the trial court’s refusal to allow the defendant to try on a black leather cap found at the crime scene. We find no merit in either issue and affirm.
The murder occurred when the defendant and others attempted to rob the victim. The victim was uncooperative and, when he tried to hold on to the leg of one of the assailants, he was shot and killed. The defendant argues that a statement made by a relative of the victim to a co-defendant, who in turn told the defendant, who conveyed the statement to the witness, constituted triple hearsay and should have been excluded. The State responds that the statement did not constitute hearsay because it was used to show the defendant’s motive in robbing the victim and not the truth of the statement.
“‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801(l)(c), Fla. Stat. (2006). Out-of-court statements used to prove a material fact are admissible, however, when the probative value outweighs any prejudicial effect. Foster v. State, 778 So.2d 906, 915 (Fla.2000) (citing State v. Baird, 572 So.2d 904, 907 (Fla.1990)); § 90.403, Fla. Stat. (2006).
Here, whether the victim possessed $10,000 in cash when the crime was committed was not material. However, the defendant’s motive to commit the crime was both material and relevant. Because the statement was introduced to prove the defendant’s motive, it was not hearsay. See, e.g., Koon v. State, 513 So.2d 1253, 1255 (Fla.1987) (using out-of-court statement to show formation of motive). The trial court did not err in admitting the testimony concerning the victim’s possession of $10,000 in cash.
The second issue concerns the trial court’s refusal to allow the defendant to try on a black leather cap found at the crime scene. The defendant argues that his defense of mistaken identity would have been supported by showing that the cap did not fit. However, because the defendant’s hair was substantially longer at the time of trial, the State claimed the demonstration would not have been probative of whether the cap fit at the time of the crime.
A trial court’s ruling on a reenactment or experiment is reviewed for an abuse of discretion. Vitt v. Ryder Truck Rentals, Inc., 340 So.2d 962, 964-65 (Fla. 3d DCA 1976); accord Shennett v. State, 937 So.2d 287, 292 (Fla. 4th DCA *778 2006). The defendant bears the burden of laying “a proper foundation for its admission by showing a similarity of the circumstances and conditions.” State v. Arroyo, 422 So.2d 50, 52 (Fla. 3d DCA 1982) (citing Jackson v. Fletcher, 647 F.2d 1020, 1027 (10th Cir.1981)).
The trial court carefully explored this issue by deferring its ruling, allowing both sides to brief the issue, and by conducting a mock reenactment outside the presence of the jury. Ultimately, the trial court found that the length of the defendant’s hair at the time of trial severely impaired his ability to pull the cap down onto his head. Thus, the demonstration was not similar to the circumstances and conditions at the time of the crime. The court further found that the demonstration would cause jury confusion. We agree and find no error in the court’s ruling on this issue.[1]

Affirmed.

STONE and FARMER, JJ., concur.

. Because there was competent, substantial evidence that DNA retrieved from the inner band of the cap matched the defendant’s DNA profile, we further conclude that any error would have been harmless. State v. DiGuilio, 491 So.2d 1129, 1136 (Fla.1986).